UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REBECCA JARRELL                                    CIVIL ACTION
O/B/O A.L.J.

VERSUS                                             NUMBER: 20-1895

KILOLO KIJAKAZI, ACTING,                           SECTION: "J"(5)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration ("SSA") finding that the disability of Plaintiff's son, A.L.J., ended on June 1, 2018. (Rec. docs. 12, 13).

As reflected by the written decision of the Administrative Law Judge ("ALJ") which appears in the administrative record below, the minor child and Plaintiff-in-interest herein, A.L.J., was found to be disabled as of December 1, 2006. (Tr. p. 17).[1] As part of its requirement to periodically review A.L.J.'s continued eligibility for Social Security benefits (Continuing Disability Review or "CDR"), the SSA solicited information from Plaintiff and in a determination dated May 11, 2015, found that A.L.J. continued to be disabled due to a speech/language impairment that satisfied the criteria of Section 2.09 of the Listing of Impairments.[2] (Tr. pp. 322-334, 335-336, 337-338, 339-345, 58, 59). In a subsequent CDR, it was determined on June 22, 2018 that A.L.J., who was then 12 years of age, was no

---

[1] The administrative record contains an application for Supplemental Security Income ("SSI") benefits dated January 29, 2007 in which it was alleged that A.L.J.'s disability began on June 27, 2005. (Tr. p. 147-149).

[2] This determination is referred to as the Comparison Point Decision ("CPD"). *Paula S. o/b/o Eric S. v. Saul*, No. 17-CV-0305, 2020 WL 930512 at *3 (N.D. Tex. Feb. 11, 2020), *adopted*, 2020 WL 919597 (N.D. Tex. Feb. 26, 2020).

longer disabled as of the beginning of that month.  (Tr. pp. 60-70, 71-72, 73-74, 75-78, 79-81).  Plaintiff requested reconsideration of that determination and following a hearing on April 25, 2019, a Disability Hearing Officer ("DHO") upheld the determination in a decision dated April 26, 2019.  (Tr. pp. 83, 87-98, 100-110, 111-114).

From the latter unfavorable ruling, Plaintiff timely requested a hearing before an ALJ.  (Tr. pp. 115-116).  That hearing went forward on December 5, 2019 at which A.L.J.'s grandmother, who had been designated by Plaintiff to appear on A.L.J.'s behalf, and A.L.J. appeared and testified.  (Tr. 38-57).[3/]  On January 3, 2020, the ALJ issued a written decision in which he concluded that A.L.J. was no longer disabled as of June 1, 2018.  (Tr. pp. 14-37). The Appeals Counsel ("AC") subsequently denied Plaintiff's request for review of the ALJ's decision on April 28, 2020, thus making the ALJ's decision the final decision of the Commissioner.  (Tr. pp. 1-4).  It is from that unfavorable decision that the Plaintiff seeks judicial review pursuant to 42 U.S.C. §§405(g) and 1382(c)(3).

In her cross-motion for summary judgment, Plaintiff does not specifically dispute any of the findings that were made by the ALJ in terminating A.L.J.'s Social Security benefits. (Rec. doc. 12, pp. 1-4).  Rather, she argues that A.L.J. is entitled to a continuation of such benefits based on his past and present medical and mental status as reflected by various records that she has attached to her motion.  (Rec. docs. 12-1 to 12-8).  Relevant to the resolution of this matter are the following findings that were made by the ALJ:

1. The most recent favorable medical decision finding that the claimant continued to be disabled is the determination dated May 11, 2015.  This is known as the "comparison point decision" or CPD.

---

[3/] At the outset of the hearing, A.L.J.'s grandmother was duly advised of her right to representation and voluntarily waived that right, memorializing her election by executing a "Waiver of Right to Representation" form.  (Tr. pp. 41-42, 144).

2. At the time of the CPD, the claimant had the following medically determinable impairments: speech/language delays. These impairments were found to meet section listing 2.09 of 20 CFR Part 404, Subpart P, Appendix 1.

3. Medical improvement occurred as of June 1, 2018 (20 CFR 416.994a(c)).

4. Since June 1, 2018, the impairments that the claimant had at the time of the CPD have not met or medically equaled section 2.09 of 20 CFR Part 404, Subpart P, Appendix 1 as that listing was written at the time of the CPD (20 CFR 416.925 and 416.926).

5. The claimant was born on June 7, 2005. Therefore, he was an adolescent, as of June 1, 2018 (20 CFR 416.926a(g)(2)).

6. Since June 1, 2018, the impairments that the claimant had at the time of the CPD have not functionally equaled the Listings of Impairments (20 CFR 416.994a(b)(2) and 419.926a and SSR 05-03p).

7. Since June 1, 2018, the claimant has had the following severe impairments: autistic disorder and attention deficit-hyperactivity disorder (ADHD) (20 CFR 416.924(c)).

8. Since June 1, 2018, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

9. Since June 1, 2018, the claimant has not had an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).

10. The claimant's disability ended as of June 1, 2018, and the claimant has not become disabled again since that date (20 CFR 416.994a).

(Tr. pp. 20, 21, 27, 31).

As noted above, in her cross-motion for summary judgment Plaintiff does not specifically challenge any of the findings that were made by the ALJ in terminating A.L.J.'s Social Security benefits. Rather, she simply argues that her son is still disabled as reflected by various records that she has attached to her motion. As best as the Court can determine, the records that Plaintiff appended to her motion were not submitted for inclusion in the

record below and were thus not considered at any level of the administrative process. The Court's review, however, is limited to the record that was made before the ALJ. *Ferrari v. Astrue*, 435 Fed.Appx. 314 n. 3 (5th Cir. 2010)(citing *Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987)). The Court can order that a case be remanded to consider such new medical evidence "… only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. §405(g). In order to justify a remand, three criteria must be satisfied. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). First, the evidence must be "new" and not merely cumulative of what is already in the record. *Szubak v. Secretary*, 745 F.2d 831, 833 (3rd Cir. 1984). Second, the evidence must be "material" such that there is a "reasonable possibility" that the evidence would have changed the outcome of the Commissioner's decision. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994)(citing *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). The materiality requirement also contains a temporal element that the evidence relate to the time period for which benefits were denied and not merely concern a subsequently-acquired disability or the deterioration of a condition that was not previously disabling. *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995); *Latham*, 36 F.3d at 482. Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the prior administrative record. *Pierre*, 884 F.2d at 803.

Measured against the foregoing standards, the Court turns to the evidence attached to Plaintiff's motion to determine whether a remand is warranted here. Initially, the Court notes that of the 74 pages of records so attached Plaintiff offers an explanation for the belated production only as to one, a March 5, 2020 visit summary from Erika Holland, a

Registered Dietician affiliated with Ochsner. (Rec. doc. 12-1, p. 1). Plaintiff explains that she "… could not get the [V]isit [S]ummary in time to submit as an exhibit …" but she does not indicate when the summary was sought or obtained by her in relation to the AC's denial of review on April 28, 2020. As such, she has not demonstrated good cause for failing to previously incorporate the summary into the administrative record. *Pierre*, 884, F.2d at 803. Holland's one-page summary contains a nutrition plan but other than A.L.J.'s weight and height, it contains no objective clinical findings, no diagnosis, and no prognosis. Those omissions are, perhaps, not surprising as dieticians like Holland are not "acceptable medical sources" within the meaning of the Social Security Regulations. *Webb ex rel. Z.D. v. Colvin*, No. 12-CV-1059, 2013 WL 5020495 at *13-14 (N.D. Tex. Sep. 13, 2013). Given the diminished weight to which Holland's scant findings are entitled, the visit summary is not material because there is no reasonable possibility that it would have changed the outcome of the Commissioner's decision. *Latham*, 36 F.3d at 483.

The records submitted by Plaintiff also include a visit summary from an encounter on February 20, 2020 when Plaintiff was seen by Dr. Brian Morris for complaints of nausea and vomiting, periumbilical abdominal pain, and dyspepsia. (Rec. doc. 12-1, pp. 2-6). Although that summary contains Plaintiff's height, weight, blood pressure, and body mass index along with diagnoses of nausea and vomiting, periumbilical abdominal pain, and dyspepsia, it contains no other objective, clinical findings from which any limitations on A.L.J.'s functionality can be deduced. And while the summary was generated subsequent to the issuance of the ALJ's decision on January 3, 2020, Plaintiff makes no showing of cause, good or otherwise, as to why it could not have been obtained sooner and submitted to the AC for its review. A remand based upon Dr. Morris' visit summary is not warranted.

Next up is a "Service Termination" form from the Special Education Department of the St. Tammany Parish School Board which contains an effective date that is not legible but states that occupational therapy was being discontinued for A.L.J. because "[p]rogress [i]ndicates [s]ervice [n]o [l]onger [n]eeded." (Rec. doc. 12-2). The issue of good cause aside, the form can hardly be described as material because it reflects improvement to A.L.J.'s condition. An "Excusal Request" form relieving two participants from attending an Individualized Education Program ("I.E.P.") meeting likewise sheds no light on Plaintiff's abilities or limitations. (Rec. doc. 12-3). An I.E.P. meeting summary dated October 10, 2019 shows only that A.L.J. needed support in mathematical calculations. (Rec. doc. 12-4). A subsequent I.E.P. dated November 5, 2020, while generated well outside the relevant time period, indicates that A.L.J. had made sufficient progress and thus casts little doubt on the correctness of the ALJ's decision in terminating A.L.J.'S benefits. (Rec. doc. 12-5).

Plaintiff also appends to her cross-motion for summary judgment a number of records from Dr. Madhuri Dixit which reflect the provision of various services on various dates, including an adolescent check and treatment for a sinus infection, a dry cough for three days, on and off headaches, a low grade fever two days earlier, dizziness, and being a picky eater. (Rec. doc. 12-6). For present purposes it suffices to note that Plaintiff fails to establish good cause for not submitting the records that were generated prior to the AC's denial of review on April 28, 2020 and those that were generated subsequent to that date fall outside of the relevant time period. (*Id.*). In any event, the Court is unable to characterize Dr. Dixit's records as material for possible remand purposes because they shed no light on whether the speech/language delays that were found to exist at the time of the CPD had improved such that A.L.J. was no longer entitled to Social Security benefits.

6

The same is true with respect to a one-page form referring A.L.J. to Dr. Kay Daniel, a specialist in orthodontics. (Rec. doc. 12-7).

Finally, Plaintiff attached to her cross-motion 21 pages of records documenting A.L.J.'s treatment by Dr. Dixit or by Dr. Jeffrey Vezain for various conditions on a range of dates, some of which pre-date the administrative proceedings below and others which post-date those proceedings. (Rec. doc. 12-8). Like the other batch of records from Dr. Dixit discussed above, Plaintiff fails to establish good cause for not submitting during the pendency of the administrative proceedings below the records that were extant at that time and those that were generated after those proceedings fall outside of the relevant time and otherwise fail to relate to the improvement in speech/language delays that the ALJ found to have occurred. The records that Plaintiff has provided to the Court simply do not satisfy the three-part test for a remand.

As noted earlier, the Court's review is generally confined to the record that was made before the ALJ, *Ferrari*, 435 Fed.Appx. at 314 n. 3, and is limited to determining whether substantial evidence in the record supports the Commissioner's decision, a highly deferential standard. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). Despite her *pro se* status, Plaintiff is still required to "… abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (internal quotation and citation omitted). In the summary judgment context, Rule 56(c)(1)(A) requires Plaintiff to cite those portions of the record that support her position. *Id.; Taylor v. Colvin*, No. 15-CV-3418, 2016 WL 6683530 at *6 (E.D. La. Jul. 26, 2016) *adopted*, 2016 WL 6680402 (E.D. La. Nov. 14, 2016). That has not been done here.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this  5th  day of     August    , 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.